IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J.P. SCHUTZ<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF DALLAS<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 3:21-CV-1976<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff J.P. SCHUTZ ("Plaintiff" or "Schutz") files this original complaint and jury demand against Defendant CITY OF DALLAS ("Defendant" or "the City") alleging race, gender, and national origin discrimination under Title VII of the Civil Rights Act of 1964, as amended. For cause of action, Plaintiff would show the Court as follows:

### I.  PARTIES, JURISDICTION AND VENUE

1. Schutz is a male resident and citizen of Fate, Rockwall County, Texas. Schutz is employed and performs work for Defendant in Dallas, Texas during the time period giving rise to the claims in this litigation.

2. The City of Dallas is a municipality in Texas.

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e5(f)(3).

4. Schutz is employed by the City in Dallas, Texas. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e5(f)(3).

5. The City is an employer within the meaning of 42 U.S.C. § 2000e(b).

6.  Schutz filed a charge of discrimination with the Equal Employment Opportunity ("EEOC") on or about November 30, 2020. On June 11, 2021, the EEOC issued Schutz a notice of right to sue letter. This lawsuit is being filed within ninety (90) days of the receipt of such notice.

## II. FACTUAL BACKGROUND

7.  Schutz commenced his employment as a Police Officer with Defendant on September 30, 2009. The City promoted Schutz to Senior Corporal on June 3, 2015.

8.  Schutz has had a solid record of excellent and outstanding service during his employment as a Police Officer and Senior Corporal with the City police department. This record includes the following achievements:

- 19 Commendations
- 4 Department Awards
- Officer of the Month-Northeast Division
- Officer of the Year-Vickery Meadow Improvement District
- Shortest tenured officer elected as trustee to the police and fire pension fund
- Shortest tenured officer to become an officer of the pension board
- Completed over 500 educational pension presentations
- 10+ years without using sick time
- 10+ years driver's safety
- Trained over 200 police volunteers
- Coordinated two police volunteer programs
- Guest speaker for United States Embassy, Minsk, Belarus "Policing in America"
- Undergraduate degree – Criminal Justice
- Master's degree - Strategic Business Management
- National Institute for Crime Prevention - Certified Specialist in Crime Prevention Through Environmental Design (CPTED)
- TCOLE Instructor
- TCOLE Crime Reduction Specialist

9.  On September 15, 2017, Schutz took the promotional examination for the position of Sergeant. After the assessment centers were conducted, Schutz ranked number 44 on the Sergeant promotional roster of eligibles. Since the time of the promotional list, the City consistently skipped over promoting Schutz allegedly because of a minor disciplinary action of which Schutz strongly denies, while at the same time promoting non-whites, females, and persons

of non-American national heritage who were ranked lower than Schutz and who have similar and/or worse disciplinary records than Schutz. The City skipped over promoting Schutz in favor of these other employees lower on the list on four different occasions.

10. The disciplinary actions of some of these promoted persons include serious discipline such as suspensions for twenty (20) days, ten (10) days, five (5) days, three (3) days, and one (1) day. The reasons for these disciplinary actions are for all sorts of inappropriate and sometimes even illegal actions, including the following:

- AWOL
- Conduct discrediting the department
- Chase policy violations
- Failure to report observed violence
- Discourtesy/unprofessional behavior
- Improper release of prisoner
- Profane/indecent language
- Violation of safety rules
- Possession of alcohol on duty
- General Orders violations
- Sleeping/loafing on duty
- Conduct discrediting the department
- Failure to respond to call on duty
- Illegal search
- Inconsistent, conflicting, misleading statements
- Disturbance in the department
- Stealing overtime
- Dereliction of duty
- Improper release of confidential information
- Weapons violation
- Intoxication

11. The City went all the way down on the promotional list to promote a person ranked number 147 on the promotional list, which means that the City promoted an individual ranked 103 places lower than Schutz before finally promoting Schutz on March 3, 2021.

### III. CAUSE OF ACTION: TITLE VII DISCRIMINATION
### (RACE, GENDER, AND NATIONAL ORIGIN)

12. Plaintiff realleges and incorporates the allegations in paragraphs 1-11 as if fully stated herein.

13. All conditions precedent to the filing of this action have occurred or have been fulfilled.

14. Plaintiff is an employee of Defendant.

15. Defendant, through their agents, supervisors, and employees, willfully discriminated against Schutz on account of his race, gender, and/or national origin as described above. This discrimination was created and tolerated at the highest level of the City police department. These illegal actions were done pursuant to a custom, practice, and/or policy of the City.

16. The violation of Plaintiff's rights was continuous in nature.

17. As a result of the unlawful discriminatory actions of Defendant as described above, Defendant has violated the provisions of Title VII of the Civil Rights Act of 1964, as amended, which led to the loss and/or impairment, in whole or in part, of the wages, benefits, privileges, and terms and conditions of Plaintiff's employment.

18. Defendant acted with intent to violate or with reckless indifference to Plaintiff's clearly established rights under Title VII of the Civil Rights Act of 1964, as amended.

19. Plaintiff has suffered, and will continue to suffer, actual damages, compensatory damages, emotional distress, loss of reputation, and humiliation, for which he hereby seeks to recover.

20. Defendant's conduct constitutes a willful violation of Title VII of the Civil Rights Act of 1964, as amended, entitling Plaintiff to recover punitive damages.

21. Plaintiff also seeks attorneys' fees, reasonable expert witness fees, and costs of the action.

## IV. JURY DEMAND

22. Schutz hereby demands a jury trial on all issues, claims, actions, and defenses in this case.

## V. PRAYER FOR RELIEF

WHEREFORE, Schutz requests that Defendant be summoned to appear and answer, and that on final trial, judgment be granted against Defendant awarding Schutz the following:

a. Back pay, including but not limited to lost wages and other employment benefits;

b. Actual damages;

c. Compensatory damages;

d. Damages for emotional distress, loss of reputation, and humiliation;

e. Punitive damages;

f. Seniority related back to when Schutz should have been promoted;

g. Prejudgment and post-judgment interest, in the maximum amount allowed by law;

h. Attorneys' fees, expert fees, and costs of suit; and

i. Such other and further legal and equitable relief to which Plaintiff may be justly entitled.

Dated:  August 24, 2021.

Respectfully submitted,

***LYON, GORSKY & GILBERT, L.L.P.***
12001 North Central Expressway
Suite 650
Dallas, Texas 75243
Phone: (214) 965-0565
Fax:    (214) 965-0097
E-Mail: dwatsky@lyongorsky.com

By:   */s/ David K. Watsky*
       David K. Watsky
       State Bar Number 20932600

**ATTORNEYS FOR PLAINTIFF**